*Rcpt #512527 No Summons*

FILED _____ LODGED
_____ RECEIVED

**JAN 18 2005**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY

05-CV-05042-CMP

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

ANNIE FORESTIER, Guardian of Ermine
Forestier; and ERMINE FORESTER,

           Plaintiffs,

v.

AMY OLIVER and DUSTIN OLIVER, and
Their Marital Community,

           Defendants.

NO. U05·5042 RBL

COMPLAINT FOR INJURIES AND
LOSSES

JURY DEMAND

Plaintiffs allege the following:

## I. PARTIES

1.1    ANNIE FORESTIER is the guardian of ERMINE FORESTIER, having been so appointed by order of the Clark County Superior Court in Cause No. 02-4-00152-2. The permanent residence of Plaintiffs Annie and Ermine Forestier is Le Havre, France. This action is brought on behalf of Ermine Forestier.

1.2    At all relevant times, AMY OLIVER and DUSTIN OLIVER formed a marital community, and were and are residents of Vancouver, Washington. All relevant acts of Ms.

COMPLAINT FOR INJURIES - 1
AND LOSSES

1 | Oliver leading up to the January 29, 2002 pedestrian-vehicle collision involving Ermine Forestier

2 | were done on behalf of herself and her marital community.

3 | ## II. JURISDICTION AND VENUE

4 | 2.1    Plaintiffs Forestier are citizens of Le Havre, France, a foreign state.

5 | 2.2    Defendants Oliver are citizens of the State of Washington.

6 | 2.3    The pedestrian-vehicle collision which gives rise to this cause of action occurred

7 | in Vancouver, Washington.

8 | 2.4    The matter in controversy exceeds the value of $75,000.

9 | 2.5    The United States District Court for the Western District of Washington has

10 | jurisdiction over the parties to and the subject-matter of this claim (28 USC §1332(a)(2)  --

11 | citizens of a State and citizens of a State and citizens or subjects of a foreign state).

12 | 2.6    The United States District Court for the Western District of Washington at

13 | Tacoma is a proper venue for this action.

14 | ## III. FACTS

15 | 3.1    The City of Vancouver owns and operates Fort Vancouver Way within its city

16 | limits.

17 | 3.2    Fort Vancouver Way is a busy arterial, running essentially north and south next to

18 | Clark College.

19 | 3.3    Fort Vancouver Way bisects Clark College and a student parking lot.

20 | 3.4    Clark College students who take public transit to school, or park in the subject

21 | parking lot, must cross Fort Vancouver Way as pedestrians to attend college.

22 | 3.5    In January of 2002, because of significant traffic volumes on Fort Vancouver

23 | Way, as well as a lack of standard traffic devices and equipment to provide crossing safety,

24 |

COMPLAINT FOR INJURIES - 2
AND LOSSES

1   students and other pedestrians attempting to cross Fort Vancouver Way to access or leave Clark

2   College were at significant risk of injury.

3        3.6      The crossing area which forms the basis for this action was located in the 1800

4   block of Fort Vancouver Way, at a point where pedestrians had to deal with busy traffic while

5   trying to cross approximately 100 feet of roadway.

6        3.7      As of January 29, 2002, the crosswalk at the 1800 block of Fort Vancouver Way

7   lacked adequate street lamp lighting, and pedestrians attempting to use the crosswalks during

8   periods of darkness were at risk of being struck by cars approaching the crosswalk because

9   pedestrians were hard to see.

10       3.8      The subject crossing area could and should have been located further south, where

11  pedestrians would cross only four lanes of north-south car and truck traffic.

12       3.9      The subject crosswalk lacked pedestrian-actuated crossing signals that would

13  have provided a protected crossing for pedestrians, or at a minimum, would have alerted drivers

14  to the presence of pedestrians attempting to cross Fort Vancouver Way.

15       3.10     On January 29, 2002, Fort Vancouver Way was not reasonably safe at the

16  crossing area in the 1800 block.

17       3.11     Aware of the risk of injury to their students, Clark College officials repeatedly

18  warned the City of Vancouver of the hazardous condition of Fort Vancouver Way in exposing

19  students and other pedestrians to the risk of injury when they attempted to cross the roadway,

20  and repeatedly requested that the City of Vancouver address the dangerous condition of the road

21  and the subject crossing area.

22       3.12     Notwithstanding the repeated warnings and requests for help for pedestrians from

23  Clark College officials, the City of Vancouver did nothing to correct the dangerous condition of

24

COMPLAINT FOR INJURIES - 3
AND LOSSES

1 │ Fort Vancouver Way prior to Ermine Forestier being hit by the Oliver car in the subject

2 │ roadway, as more fully described below.

3 │     3.13    To render Fort Vancouver Way reasonably safe for pedestrians and motorists, the

4 │ City of Vancouver should have located the subject crosswalk further south, should have

5 │ provided adequate lighting to enable motorists to see pedestrians, and should have provided

6 │ pedestrian-actuated controls to alert drivers of the presence of pedestrians crossing Fort

7 │ Vancouver Way.

8 │     3.14    On January 29, 2002, between 6:30 and 7:00 o'clock a.m., Ermine Forestier

9 │ walked in the 1800 block of Fort Vancouver Way, intending to cross Fort Vancouver Way to

10 │ attend school at Clark College.

11 │     3.15    Ms. Forestier began to cross Fort Vancouver Way within the crosswalk, toward

12 │ Clark College.

13 │     3.16    When Ms. Forestier began her crossing, there were no motor vehicles in the

14 │ vicinity of the crosswalk.

15 │     3.17    Ms. Forestier crossed two lanes of Fort Vancouver Way, lawfully within the

16 │ crosswalk.

17 │     3.18    While Ms. Forestier was in the third lane, she was struck by a car driver by Amy

18 │ Oliver.

19 │     3.19    Ms. Oliver had not seen Ms. Forestier because of the darkness and lack of lighting

20 │ in the area of the crosswalk.

21 │     3.20    Ms. Forestier's body was struck by the front fender and then knocked into the

22 │ windshield, ultimately flying through the air and forcefully striking the pavement.

23 │

24 │

COMPLAINT FOR INJURIES - 4
AND LOSSES

1     3.21    As a result of being struck in the crosswalk, Ms. Forestier sustained multiple

2 brain, orthopedic and internal injuries. Ms. Forestier continues to be disabled, and will require

3 lifetime attendant care.

4 **IV. NEGLIGENCE OF DEFENDANT AMY OLIVER**

5     4.1    Ermine Forestier was in the process of lawfully crossing Fort Vancouver Way

6 within the marked crosswalk when she was struck by the Oliver vehicle.

7     4.2    Ms. Forestier had the right-of-way as she crossed within the marked crosswalk.

8     4.3    Ms. Oliver failed to yield the right-of-way to Ms. Forestier, and negligently struck

9 Ms. Forestier with her car, causing multiple injuries to Ms. Forestier.

10 **V. JOINT AND SEVERAL LIABILITY**

11     5.1    Ms. Forestier crossed Fort Vancouver Way within the crosswalk at all times.

12     5.2    As a pedestrian within the crosswalk, Ms. Forestier had the right-of-way.

13     5.3    There were no vehicles in the vicinity of the crosswalk at the time that Ms.

14 Forestier stepped into the crosswalk and began crossing the southbound lanes of Fort

15 Vancouver Way.

16     5.4    Ms. Forestier was struck while lawfully within the crosswalk and with the right-

17 of-way granted to pedestrians by the law.

18     5.5    Ms. Forestier committed no act of fault that was a proximate cause of her injuries.

19     5.6    Ms. Forestier is fault-free.

20     5.7    Because Ms. Forestier is fault-free, all tortfeasors that caused her injuries herein

21 are jointly and severally liable for those injuries, damages and losses.

22

23

24

COMPLAINT FOR INJURIES - 5
AND LOSSES

413 Eighth Street
Hoquiam, WA 98550
Tel: 360-533-2710
STRITTMATTER KESSLER WHELAN WITHEY COLUCCIO

## VI. DAMAGES

6.1     As a direct and proximate result of Ms. Oliver's negligence, Plaintiff Ermine Forestier has sustained injuries, damages and losses, including, but not limited to:

    A.    Economic

        1.    Medical expenses, both past and future;

        2.    Lost earnings, both past and future;

        3.    Impairment of earning capacity;

        4.    Family services;

        5.    Necessary costs of travel;

        6.    Other out-of-pocket expenses; and

        7.    Other recoverable economic damages.

    B.    Non-economic

        1.    Past and future pain;

        2.    Past and future physical and emotional suffering;

        3.    Past and future disability;

        4.    Disfigurement and scarring;

        5.    Loss of enjoyment of life; and

        6.    Other recoverable non-economic damages.

## VII. PRAYER FOR RELIEF

7.1     Plaintiffs pray for judgment against Defendants Oliver as follows:

    A.    For a judgment of liability against them, as well as all other responsible entities, jointly and severally, for Ermine Forestier's injuries, damages and losses;

    B.    For an award of her economic and non-economic damages;

COMPLAINT FOR INJURIES - 6
AND LOSSES

1   C.   Pre-judgment interest on her economic damages, and, to the extent

2   allowed by law, on her non-economic damages;

3   D.   Reasonable attorneys fees;

4   E.   Costs allowed by law; and

5   F.   Such further relief as is equitable and just.

6   **VIII.  JURY DEMAND**

7   8.1   Plaintiffs request a jury in this matter.

8   Dated:  January *14*, 2005.

9

10   Arthur Dustin Miller, WSBA #9166
      Law Office of Arthur Dustin Miller
11   Co-counsel for Plaintiffs

12

13

14   Paul L. Stritmatter, WSBA #4532
      Of Stritmatter Kessler Whelan Withey Coluccio
15   Co-counsel for Plaintiffs

16

17   Keith L. Kessler, WSBA #4720
      Of Stritmatter Kessler Whelan Withey Coluccio
18   Co-counsel for Plaintiffs

19

20

21

22

23

24   COMPLAINT FOR INJURIES - 7
      AND LOSSES

413 Eighth Street
Hoquiam, WA  98550
Tel: 360-533-2710

STRITMATTER KESSLER WHELAN WITHEY COLUCCIO