Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNIE FORESTIER, Guardian of Ermine Forestier; and ERMINE FORESTIER,

Plaintiffs,

v.

THE CITY OF VANCOUVER, a Municipality; and AMY OLIVER and DUSTIN OLIVER, and Their Marital Community,

Defendants.

NO. CO5-5042RBL

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT STRIKING CITY OF VANCOUVER'S AFFIRMATIVE DEFENSE CLAIMING AN OFFSET FOR GOVERNMENT BENEFITS

Note On Motion Calendar: Sept. 15, 2006

## I. RELIEF REQUESTED

The Plaintiffs ask the Court for an Order of Partial Summary Judgment striking Defendant City of Vancouver's Sixth Affirmative Defense claiming that the City "is entitled to an offset from any judgment or damages awarded against it, any medical or other financial support plaintiff Ermine Forestier has received or will receive from other governmental agencies

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT STRIKING CITY OF VANCOUVER'S AFFIRMATIVE DEFENSE - 1

413 Eighth Street
Hoquiam, WA 98550

1  as a result of her injuries." A Proposed Order of Partial Summary Judgment is included with
2  Plaintiffs' motion.

3  **II.     STATEMENT OF FACTS**

4  On January 29, 2002, between 6:30 and 7:00 a.m., Ermine Forestier walked in the 1800
5  block of Fort Vancouver Way, intending to cross Fort Vancouver Way to attend school at Clark
6  College. As Ms. Forestier began to cross Fort Vancouver Way within the crosswalk, toward
7  Clark College, there were no motor vehicles in the vicinity of the crosswalk and she crossed two
8  lanes of Fort Vancouver Way without incident. While she was in the third lane, a vehicle driven
9  by Amy Oliver struck Ms. Forestier. Ms. Oliver had not seen Ms. Forestier because of the
10 darkness and lack of lighting in the area of the crosswalk.

11 Ms. Forestier's body was struck by the front fender and then knocked into the
12 windshield, ultimately flying through the air and forcefully striking the pavement. As a result of
13 being struck in the crosswalk, Ms. Forestier sustained multiple brain, orthopedic and internal
14 injuries. Ms. Forestier continues to be disabled, and will require lifetime attendant care.

15 Annie Forestier was appointed the guardian of Ermine Forestier by order of the Clark
16 County Superior Court in Cause No. 02-4-00152-2. Annie Forestier testified during her
17 deposition that most of the costs of Ermine's medical care have been paid by the equivalent of a
18 "social security" system in France that Annie paid taxes to support. *Deposition of Annie*
19 *Forestier* at 34. Some of the remainder of Ermine's medical care has been paid for by "Mutuel
20 Insurance", for which Annie Forestier pays a premium. *Forestier Dep.* at 34. Annie Forestier
21 pays for the remainder of Ermine Forestier's medical expenses herself. *Forestier Dep.* at 36.

22 Annie Forestier also testified that France does not provide adequate care or facilities for
23 brain-injured people. *Forestier Dep.* at 20-21; 36-37. Based on this, it may be in Ermine's best

24
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT STRIKING CITY OF VANCOUVER'S
AFFIRMATIVE DEFENSE - 2

413 Eighth Street
Hoquiam, WA 98550

1 | interests to return to the United States for proper healthcare. *Forestier Dep.* at 37. If she does
2 | come here, then France will no longer pay for her medical care. *Ibid*.
3 |     In its Answer to the Plaintiff's Complaint, the City claimed that it "is entitled to an offset
4 | from any judgment or damages awarded against it, any medical or other financial support
5 | plaintiff Ermine Forestier has received or will receive from other governmental agencies as a
6 | result of her injuries." *See Defendant City of Vancouver's Sixth Affirmative Defense*. Because
7 | the collateral source rule precludes the City's claim, the Plaintiff brings this motion for partial
8 | summary judgment asking this Court to strike this affirmative defense.

### III. STATEMENT OF ISSUE

Does Washington's collateral source rule preclude the City from receiving an offset for any medical or other financial support plaintiff Ermine Forestier has received or may receive from the French government?

### IV. EVIDENCE RELIED UPON

In support of this Motion for Partial Summary Judgment, the Plaintiffs rely upon the case record and files herein and the declaration of Garth L. Jones and the attachments thereto.

### V. AUTHORITY

Washington has a "rule of strict exclusion of evidence of collateral benefits." *Sutton v. Shufelberger*, 31 Wn. App. 579, 583, 643 P.2d 920 (1982); *see also Johnson v. Weyerhaeuser Co.*, 134 Wn.2d 795, 804, 953 P.2d 800 (1998); *Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 123 Wn.2d 15, 39, 864 P.2d 921 (1993); *Boeke v. International Paint Co.*, 27 Wn. App. 611, 617-618, 620 P.2d 103 (1980). Under the collateral source rule, payments from someone other than the wrongdoer will not be considered in order to reduce a plaintiff's recoverable damages from the wrongdoer. *Cox v. Spangler*, 141 Wn.2d 431, 439, 5 P.3d 1265 (2000); *see*

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT STRIKING CITY OF VANCOUVER'S AFFIRMATIVE DEFENSE - 3

also *Ciminski v. SCI Corp.*, 90 Wn.2d 802, 803, 585 P.2d 1182 (1978). The rule also prohibits a tortfeasor from reducing damages to reflect payments the injured party received from a collateral source, independent of the tortfeasor. *Lange v. Raef*, 34 Wn.App. 701, 704, 664 P.2d 1274 (1983) (tort-feasors were not entitled to offset in a case in which the plaintiff had received PIP payments). The rule exists so that the wrongdoer does not benefit from collateral payments to the person he or she has wronged. *Mazon v. Krafchick*, 126 Wn. App. 207, 220, 108 P.3d 139 (2005); *Petersen-Gonzales v. Garcia*, 120 Wn. App. 624, 635-636, 86 P.3d 210 (2004); *Wash. Ins. Guar. Ass'n v. Mullins*, 62 Wn. App. 878, 886, 816 P.2d 61 (1991). As explained by the Washington Supreme Court:

> [T]he very essence of the collateral source rule requires exclusion of evidence of other money received by the claimant so the fact finder will not infer the claimant is receiving a windfall and nullify the defendant's responsibility.

*Johnson* at 803.

Under this rule, evidence of insurance coverage is inadmissible (*see Lyons v. Freeborg*, 3 Wn.2d 380, 381-382, 100 P.2d 1041 (1940); *Bader v. Marlin*, 160 Wash. 460, 462-463, 295 P. 160 (1931); *Lange v. Raef, supra*), as is evidence of benefits received from other sources such as the social security administration. *Ciminski v. SCI Corp., supra*. The *Ciminsky* case is particularly instructive relative to the present motion. In *Ciminski*, the court found that a Part A medicare payment made to the plaintiff in a personal injury action who sustained severe hip injuries in a fall in a restaurant constituted payments from a collateral source. The court therefore held that the trial court acted properly in refusing to reduce the jury's assessment of damages against the restaurant owner by the amount of such payment.

The only difference in this case from the other cases cited above is that Ermine Forestier is receiving collateral source payments from the French "social security" system rather than the

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT STRIKING CITY OF VANCOUVER'S
AFFIRMATIVE DEFENSE - 4

413 Eighth Street
Hoquiam, WA 98550
STRITMATTER KESSLER WHELAN WITHEY COLUCCIO
Tel: 360-533-2710

U.S. government, a private insurance carrier or an individual. None of the cases turn on the source of the payment so long as the source was independent of tortfeasor. *See Ciminski* at 802; *Lange* at 704. The source of the payment is considered only when the source of the collateral payments is the tortfeasor or a fund created by the tortfeasor to make such payments in order to prevent a double recovery by the injured party from the tortfeasor. *Lange* at 704 (citing *Yarrington v. Thornburg*, 58 Del. 152, 205 A.2d 1, 11 A.L.R.3d 1110 (1964)).

The City is in the same position it would be in if Ermine Forestier had received social security benefits from the U.S. government or under a private insurance contract. Annie Forestier pays taxes to support the French "social security" system. Because she pays taxes into this system, she and her family members are entitled to its benefits. This is no different than a Washington citizen receiving social security benefits from our government or benefits under an insurance policy that he or she has purchased. Regardless of the source of payments, the City should not benefit because of collateral payments to the person it has wronged. *See Mazon v. Krafchick, supra*; *Petersen-Gonzales v. Garcia, supra*; *Wash. Ins. Guar. Ass'n v. Mullins, supra*.

As the party raising this issue as a defense, the City of Vancouver has the burden of demonstrating that the law supports its affirmative defense. In this case, there is no law to support its claim. Washington's appellate courts have been very clear in applying the collateral source rule whenever an injured party is compensated for his or her injuries from a source other than the tortfeasor. *See Ciminski v. SCI Corp., supra*; *Mazon v. Krafchick, supra*. Defendant City in fact has no lawful bases for this "Government Benefits" affirmative defense. Because of this, Plaintiff's motion for partial summary judgment striking this defense should be granted.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT STRIKING CITY OF VANCOUVER'S AFFIRMATIVE DEFENSE - 5

413 Eighth Street
Hoquiam, WA 98550
STRITMATTER KESSLER WHELAN WITHEY COLUCCIO   Tel: 360 532 2710

## VI. CONCLUSION

For the foregoing reasons, the Court should grant the Plaintiffs' Motion for Partial Summary Judgment.

Respectfully submitted this 23rd day of August, 2006.

*/s/ Paul L. Stritmatter*
Paul L. Stritmatter, WSBA #4532
Keith L. Kessler, WSBA #4720
Garth L. Jones, WSBA #14795
Of Stritmatter Kessler Whelan Withey Coluccio
Co-counsel for Plaintiff


*/s/ Arthur D. Miller*
Arthur D. Miller, WSBA #9166
Law Office of Arthur D. Miller
Co-counsel for Plaintiff