HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNIE FORESTIER, guardian of Ermine Forestier; and ERMINE FORESTIER, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF VANCOUVER, a municipality; and AMY OLIVER and DUSTIN OLIVER, and their marital community, <br><br> Defendants. | Case No. C05-5042 RBL <br><br> ORDER |

THIS MATTER comes on before the above-entitled Court upon Plaintiffs' Motion for Partial Summary Judgment Striking City of Vancouver's Affirmative Defense Claiming an Offset for Government Benefits [Dkt. #30] and Defendant City of Vancouver's Motion to File Second Amended Answer and Affirmative Defenses [Dkt. #32].

Having considered the entirety of the records and file herein, and having considered that oral argument is not necessary, the Court rules as follows:

This case involves a pedestrian, Ermine Forestier, who while crossing Fort Vancouver Way, in Vancouver, Washington, was struck by a vehicle driven by defendant Amy Oliver. Plaintiffs allege that the multiple brain, orthopedic and internal injuries sustained by Ms. Forestier resulted from the City of Vancouver's negligent design of the roadway and from the negligent operation of a vehicle by Mrs. Oliver.

Plaintiffs seek partial summary judgment dismissing Vancouver's Sixth Affirmative Defense of Offset

for Government Benefits pled in its First Amended Answer and Affirmative Defenses [Dkt. #24]. Plaintiffs argue that this defense is precluded by the collateral source rule. In response to plaintiffs' motion, Vancouver filed a separate motion to amend its answer striking the affirmative defense, and argues in opposition to plaintiffs' motion for summary judgment that the motion should be denied as moot. Plaintiffs oppose the motion to amend arguing that the proposed Second Amended Answer does not comport with Fed. R. Civ. P. 8's directive that "[d]enials shall fairly meet the substance of the averments denied." Fed. R. Civ. P. 8(b). Plaintiffs also dispute the legal viability of Vancouver's proposed First Affirmative Defense of Implied Primary Assumption of Risk. Plaintiffs further contend that their motion for summary judgment is not moot because issues touching upon the collateral source rule could possibly occur at trial, and, as such, this Court should rule now that any potential evidence of funds from a collateral source will be excluded.

Motions to amend "shall be freely" granted, Fed. R. Civ. P. 15(a), and should be denied only for undue delay, bad faith or dilatory motive, futility of amendment or prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Vancouver's proposed Second Amended Answer and Affirmative Defenses strikes an affirmative defense to which plaintiffs have objected. Although the specific averments and denials in Vancouver's proposed amended answer do not track word for word the allegations in the complaint, the proposed answer clearly joins the issues and clearly sets forth Vancouver's position as to the facts and allegations pled by plaintiffs. Furthermore, at this stage in the proceeding, the Court is not prepared to make broad and potentially far-reaching evidentiary rulings without the benefit of more information on the specific evidence proposed to be introduced and the theory of its admissibility. Therefore, Vancouver's amended answer will not cause undue delay, is not offered in bad faith or for a dilatory motive, is not futile and does not prejudice the plaintiffs. It will be granted. Plaintiffs' motion for partial summary judgment will be denied because plaintiffs have obtained some of the relief they seek by this Court's granting of Vancouver's motion to amend, and the remainder of relief they seek is not yet ripe for ruling by the Court. It is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment Striking City of Vancouver's Affirmative Defense Claiming an Offset for Government Benefits [Dkt. #30] is **DENIED**. It is further

**ORDERED** that Defendant City of Vancouver's Motion to File Second Amended Answer and Affirmative Defenses [Dkt. #32] is **GRANTED**.  Vancouver shall electronically file its Second Amended Answer and Affirmative Defenses within ten (10) days of entry of this Order.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 20th day of September, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE